IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Feb 27, 2025

OFFICE OF THE CLERK

Neil Ravi Mehta,

    Petitioner,

v.                                      Case No. 23-CR-20006-PKH

United States of America,

    Respondent,

## MOTION TO UNSEAL DOCUMENTS

    Comes Now, Neil Ravi Mehta, the Petitioner, pro se, See Haines v. Kerner, 404 U. S. 519, 520-21 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972). The Supreme Court holds of the United States holds allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers. See also Erickson v. Pardus, 551 U. S. 89, 94 (2007). Filings of a pro se defendant must be construed more liberally than formal pleadings drafted by lawyers. Petitioner respectfully moves this Honorable Court to unseal the following documents in the above-captioned case. In support of this motion, Petitioner states as follows:

### I.   INTRODUCTION

    (1). Petitioner seeks access to certain sealed documents in this case which are material to the defense and/or post-conviction proceedings.

    (2). Petitioner asserts the District Court has provided no justification

on the record for sealing the documents and continued sealing infringes upon Petitioner's right to access judicial records.

(3). There is a strong presumption in favor of public access to court records under the First Amendment and common law, as recognized by the Eight Circuit.

(4). The Eight Circuit has held that the sealing of judicial records must be support by specific findings justifying such action. In United States v. McDougal, 103 F. 3d 651 (8th Cir. 1996), the court recognized a common law presumption in favor of public access to judicial records and stressed that restrictions on access must be justified by compelling reasons.

## II. LEGAL STANDARD

(1). The First Amendment and common law provide a presumptive right of public access to judicial documents unless a compelling interest exists to justify sealing. See Press Enterprise Co. v. Superior Court, 478 U. S. 1, 9 (1986); Nixon v. Warner Communications, Inc., 435 U. S. 589, 587 (1978).

(2). The Eight Circuit has confirmed this priciple in multiple decisions:

. IDT Corp v. ebay, 709 F. 3d 1220, 1222-23 (8th Cir. 2013): The court recognized the common law right of access to judicial records and held that courts must provide specific reasons to justify sealing rather than sealing records arbitrarily.

. United States v. McDougal, 103 F. 3d 651 (8th Cir. 1996): The court acknowledged that judicial records are presumptively open and that sealing requires a legitimate legitimate justification on the record.

. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F. 2d 569, 574 (8th Cir. 1988): A court deciding to seal a document must explain why sealing was necessary and why less restrictive alternatives were not appropriate.

## III. ARGUMENT

(1). The Petitioner in this case has a legitimate interest in obtaining access to these documents, as they are relevant to his post-conviction relief. See Exhibit # 1 (Letter from Attorney). The documents will be listed as follows: Docket Entry # (9 filed on 3-8-2023), (10 filed on 3-8-2023), (11 filed on 3-8-2023), (12 filed on 3-9-2023), (28 filed on 10-26-2023), (33 filed on 1-16-2024), (35 filed on 1-17-2024), (37 filed on 1-29-2024), (40 filed on 2-12-2024), (41 filed on 2-12-2024), (42 filed on 2-19-2024), (43 filed on 2-23-2024), (44 filed on 2-23-2024), (45 filed on 2-23-2024), and (50 filed on 6-20-2024). No compelling governmental interest or even specific factual findins exists on the record to justify the continued sealing of these documents. The Eight Circuit in IDT Corp, supra, made clear that a court must provide a substantive justification for restricting access, which has not been done in this case.

(2). Given the absense of such justification, continued sealing violates the Petitioner's rights under due process and the First Amendment.

## RELIEF REQUESTED

Wherefore, Petitioner respectfully request this Honorable Court to unseal the identified documents in this case as mentioned above. Grant any other relief deemed just and proper.

## CERTIFICATE OF SERVICE

I, Neil Ravi Mehta, hereby certify that the foregoing instrument has been forwarded to the listed individual listed below VIA, U. S. mail through the U. S. postal service.

Served: Ben Wulff or Stephen Molhendrich
        United States Attorney's Office Western Arkansas
        414 Parker Ave.
        Fort Smith, AR 72901

I, Neil Ravi Mehta, (certify, verify, or state) under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. 1746.

*Neil Mehta*      Executed on February 21, 2025

# USPS PRIORITY MAIL

**FLAT RATE ENVELOPE** — ONE RATE • ANY WEIGHT
**TRACKED • INSURED**

EP14F October 2023
OD: 12 1/2 x 9 1/2

PS00001000014




USPS.COM/PICKUP

To schedule free Package Pickup, scan the QR code.

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
**See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

---



**PRIORITY MAIL®**

P
02/26/2025
usps.com
$8.40
US POSTAGE
Click-N-Ship
9405 5301 0935 5107 1919 29 0084 0001 0007 2901
Mailed from 72903  000954984041617
Flat Rate Envelope  03/01/2025
RDC 03
C002

LACEY ANDERSON
10300 MEANDERING WAY
FORT SMITH AR 72903-5759

JUDGE ISAAC C PARKER FEDERAL BUILDING
STE 1038
30 S 6TH ST
FORT SMITH AR 72901-2437

USPS TRACKING #
9405 5301 0935 5107 1919 29

POSTAGE REQUIRED

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.