# Exhibit 1

**February 11, 2025 Letter from WH Taylor**

Page 3, Exhibit A is a list of additional evidence to be unsealed and/or provided to Defendant and outside counsel for review.



| | | |
|---|---|---|
| W. H. Taylor | Christopher M. Hussein* | *Of Counsel* |
| Scott E. Smith | Matthew F. Benson | Mahlon G. Gibson |
| Terry D. Harper | Ryan J. Jewell | William A. Storey |
| Stevan E. Vowel | | April Rye Shy |
| | | *Also licensed in Missouri |

whtaylor@taylorlawpartners.com

February 11, 2025

**ATTORNEY-CLIENT PRIVILEGE**
Neil Mehta, REG. NO. 43206510
FCI Edgefield Federal Prison
Federal Correction Institute
501 Gary Hill Drive
Edgefield, SC 29824

Re:    Your Letter of January 31, 2025

Neil:

I am in receipt of your letter dated January 31, 2025. You state this is the second letter concerning the case file in the above-mentioned case number. I don't remember ever seeing another letter from you concerning the turn over of your case file so you can pursue a *habeas* action. Your request is not clear however, do you want the entire file or the court portion of your file?

I will be glad to send you the majority of the file that is in my possession. There are certain items located within the file that I cannot turn over to you unless and until such time as you obtain an order from the Court that allows us to do so, though I will be glad to do that once such an order is entered. The items that I cannot turn over to you are set forth on Exhibit A to his letter.

There are approximately 4 to 5 bankers boxes of materials that make up my file. The copy cost of the materials in the bankers boxes will be something in the range of $2,000-$3,500. I have asked your civil lawyer, Joe Byars, to send me those sums so that I can make copies of the files. Upon receipt of those sums I will send the files out to a service and have them copied.

You state in your letter that the federal prison in Edgefield requires that all legal materials be mailed in large envelopes. I do not see how that can be accomplished, as you would literally end up with probably dozens and dozens of envelopes. Much of the materials that I have in my files have nothing to do with defending your case, but is rather materials that were gathered up early on the case before we knew which direction the government would be heading.

To conclude, as soon as I receive funds from your civil lawyer, and as soon as I receive directions from you as to what you actually want, i.e., your entire file or select portions of the file, I will set out to send the items that we are not restricted from releasing as you direct.

---

Page 2
February 11, 2025
Mehta

---

    I do note your threats at the end of your letter and I couldn't care less about your little threats. I handled your case in a professional manner, which resulted in you being able to go on with your life, if you will do so.

                              Respectfully submitted,

                              TAYLOR LAW PARTNERS, LLP

                              W. H. Taylor

WHT/lf
cc:    Terry D. Harper

## EXHIBIT A

1. Two large hard drives. The one marked "Neil Mehta" contains what appears to be company records of Mehtas and the unmarked large hard drive appears to be the government's first production in this case, that involves reports of the investigation and requests for search warrants, among other things.

2. A flash drive of the government's production.

3. Presentence Investigation Report dated January 16, 2024, as to Federal Armaments, LLC.

4. Defendant's Response to Presentence Report filed January 29, 2024.

5. Government's Response to Presentence Report filed January 17, 2024, as to Neil Ravi Mehta.

6. Government's Response to Presentence Report filed January 17, 2024, as to Federal Armaments, LLC

7. Presentence Report filed January 16, 2024, as to Neil Ravi Mehta.

8. Index of discovery production United States v. Neil Ravi Mehta, production no. 1.

9. Letter dated March 16, 2023, in regard to the government's production no. 1 in United States v. Neil Ravi Mehta, which contains the following agreement, "All discovery materials is provided with the understanding that this material is the property of the United States, and that such material is furnished to counsel as an officer of the Court. They are not to be copied again or disseminated to the client or to anyone else. The client may review the materials in the presence of counsel and review the same during hearing or trial, but in all respects said material shall remain with the defense attorney before, during and after hearing or trial or post-trial matters. If these restrictions are not acceptable, please let me know so the matter can be addressed through the Court." - signed Steven M. Mohlhenrich.

10. Letter dated April 21, 2023, concerning discovery production no. 3 in United States v. Neil Ravi Mehta. This letter contains the same language referenced above and is signed by the same individual.

11. Letter dated September 25, 2023, involving discovery production no 4 in United States v. Neil Ravi Mehta, which contains the same language referenced above and is signed by the same individual.

12. Printed transcript taken from the production by the government.